State of ARIZONA, ex rel.; Jane Dee HULL, Governor; Grant Woods, Attorney General; Herb Guenther, Chairman, Arizona Game and Fish Commission; Arizona Game and Fish Department, Plaintiffs—Appellants,

v.

Gale A. NORTON,* Secretary, U.S. Department of the Interior; Bureau of Land Management, an agency of the U.S. Department of Interior; Denise Meridith, Arizona State Director, Bureau of Land Management, Defendants—Appellees.

No. 99–17326.

D.C. No. CV–98–00632–ROS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2001.

Decided April 9, 2001.

Before MAGILL **, FERNANDEZ, and KLEINFELD, Circuit Judges.

---

* Gale A. Norton is substituted for her predecessor, Bruce Babbitt, as Secretary of the United States Department of Interior, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Frank J. Magill, Senior Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM ***

The State of Arizona's challenge to the Department of the Interior's jurisdiction over the Alamo Lake Wildlife Area under the Wild Free–Roaming Horses and Burros Act (Wild Horses Act),[1] is barred by the six-year statute of limitations applicable to civil suits against the government.[2] The Department first asserted its jurisdiction over the Alamo Lake Wildlife Area under the Wild Horses Act in 1977, when it issued a plan for the Alamo Herd Management Area. But Arizona did not challenge the Department's authority under the Wild Horses Act until 1994, a year after the Department issued a proposed management plan for the Kingman Resource Area. Arizona argues that our decision in *Wind River* allows it to challenge the Department's jurisdiction as part of its challenge to the Department's 1993 Kingman Area plan. This argument fails because the Rule 26(f) case management plan plaintiffs agreed to, states as their legal issue whether the Kingman Area burro management plan is arbitrary "by virtue of BLM's alleged lack of jurisdiction over the lands" only, not by virtue of a substantive challenge to the terms of the plan itself as in *Wind River*.

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 16 U.S.C. § 1331 *et seq.*

2. *See* 28 U.S.C. § 2401(a); *Wind River Mining Corp. v. United States,* 946 F.2d 710, 713 (9th Cir.1991) (noting that actions under the Administrative Procedure Act are governed by the six-year statute of limitations applicable to civil actions against the United States).